JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
TIMOTHY M. BELSAN
Chief
National Security & Affirmative Litigation Unit
AARON R. PETTY
Counsel for National Security, IL Bar 6293553
    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    District Court Section
    219 S. Dearborn St, 5th Floor
    Chicago, IL 60604
    Telephone: (202) 532-4542
    Facsimile: (202) 305-7000
    E-mail: aaron.r.petty@usdoj.gov

*Counsel for the United States of America*

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASMINE BECKER,<br>a/k/a Simin Nourian,<br>a/k/a Simin Faraji,<br>a/k/a Yasemin Forouji,<br><br>Defendant. | No.: 2:18-cv-02049 GW (AGRx)<br><br>[PROPOSED] **PRIVACY ACT PROTECTIVE ORDER** |

NOTE CHANGES MADE BY THE COURT

[PROPOSED] PRIVACY ACT PROTECTIVE ORDER 1

In the course of discovery, plaintiff, UNITED STATES OF AMERICA ("Plaintiff") and defendant, JASMINE BECKER a/k/a Simin Nourian, a/k/a Simin Faraji, a/k/a Yasemin Forouji ("Defendant") (collectively referred to as the "Parties") anticipate the production of documents containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, including individual alien files, some of which are in the possession, custody, and control of Plaintiff and Plaintiff's counsel. Plaintiff agrees to produce to Defendant and Defendant's counsel records relating to Defendant, and (where appropriate and allowable by law) third parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the Parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiff and counsel for Defendant,

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Plaintiff is authorized to release to counsel for Defendant, and the Court in this case, discovery containing unredacted identifying information of third parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The Parties agree that the terms of this Protective Order will govern the entirety of any passport file, any alien registration file, any law enforcement report, or any other discovery that contains Privacy Act material, as well as any copies or summaries made therefrom and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names addresses, birth dates, or any other identifying

information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for the purposes of this litigation.

3. Counsel for Plaintiff shall designate documents containing confidential information as confidential by placing the phrase "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN CASE NO. 18-CV-2049" or the following label, or the substantial equivalent of either, on them or on any copies thereof, or any cover sheets thereon:

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER
THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE UNITED STATES V. BECKER CASE (18-CV-2049). THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the litigation of this action:

    A. Counsel for Plaintiff, Plaintiff, counsel for Defendant, Defendant, and any support staff of such counsel assisting in this action;

    B. The Court and its personnel, including court reporters;

    C. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

    D. Expert witnesses or consultants retained by Plaintiff or Defendant;

    E. A mediator selected by the Parties;

    F. Personnel and students of the UCLA School of Law Criminal Defense Clinic;

G. The author of the document or the original source of the information; and

H. ~~Any Court of Appeals and its personnel, in the event of an appeal.~~

5. Upon the signing of this Order by the Court, redactions made by counsel for Plaintiff, if any, to the documents marked "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER IN CASE NO. 18-cv-2049" will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material. The Parties reserve the right to file a motion to compel for any redacted information.

6. All persons listed in Paragraph 4(A) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in Paragraph 4(B)-(F) above, any confidential information, except as provided in this Protective Order.

7. All persons listed in Paragraphs 4(C) and (D) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgement of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for Plaintiff or counsel for Defendant.

8. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document containing information covered by this Order must comply with all applicable local rules and standing orders concerning filing documents under seal.

9. To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

1   10. ~~No protected documents or information shall be used at any hearing, trial,~~
2   ~~or appellate proceeding in this action, unless provision shall be made for exclusion~~
3   ~~of the public or unless some other reasonable provision to protect confidentiality has~~
4   ~~been made. Where protected documents or information is used at a hearing, trial, or~~
5   ~~appellate proceeding in this action, the appropriate portion of the court transcript~~
6   ~~shall be placed under seal. Such designation shall be limited to those portions of the~~
7   ~~transcript the sealing of which is reasonably necessary to preserve the confidentiality~~
8   ~~of documents containing the protected information, as well as copies or summaries~~
9   ~~made thereof and any information derived therefrom, which are subject to the terms~~
10  ~~of this Protective Order.~~

*[Handwritten annotation: "This order does not govern trial. Nothing in this order prevents a party from filing a motion for confidentiality of such information at trial upon a sufficient showing." Initialed "AGR"]*

11      11. Due to the highly sensitive nature of information regarding third-parties
12  that may be produced, such protected documents or information shall not be used to
13  contact or attempt to contact third-parties named in the documents subject to the
14  Protective Order for any purpose, absent the express authorization of the Court.

15      12. Inadvertent disclosure of any document or other information during
16  discovery in this actions shall be without prejudice to any claims that such material
17  is confidential, privileged, or otherwise protected from discovery within the meaning
18  of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be
19  held to have waived any rights by such inadvertent disclosure. Any document or
20  information so produced and subject to a subsequent claim of privilege, work
21  product or other protection, including protection under this Protective Order, shall
22  be returned immediately to the appropriate party, and such document or information
23  shall not be introduced into evidence in this or any other proceeding by any person
24  without either (i) the consent of said party, or (ii) Order of the Court; nor will such
25  document or information be subject to production (other than in camera) in any
26  proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

27      13. Within thirty (30) days of the final conclusion of this litigation, including
28  any appeals, counsel for Defendant shall collect all documents produced pursuant to

this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Plaintiff pursuant to the terms of this Protective Order. Alternatively, counsel for Defendant shall destroy said documents by shredding them and provide counsel for Plaintiff with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

14. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents. Nothing in this agreement shall be construed to limit the rights of any party to produce documents or other information that has been redacted to prevent disclosure of information protected by the law enforcement privilege, deliberative process privilege, confidential informant privilege, attorney-client privilege, work product doctrine, or any other applicable privilege or limitation on disclosure. Where documents or other information has been redacted or withheld, counsel shall designate in writing the privilege and/or other basis for the redaction or withholding.

15. Nothing in this agreement shall be construed as waiving any party's right to object to the assertion of any privilege, doctrine, or statute and/or moving to compel production of the information, records, or documents withheld pursuant to them.

16. Nothing in this agreement constitutes a ruling upon any objection to the production of documents.

17. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

18. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

19. Defendant may seek written consent authorizing the release of information from her family as it relates to their third-party information (Privacy Act Waiver). Disclosure of information related to a third-party who has executed a Privacy Act

1 Waiver shall be governed by the terms of the Privacy Act Waiver executed by the
2 third-party.
3     20. Any party may apply to this Court at any time, upon proper notice, for a
4 modification of this Protective Order with respect to the handling or designation of
5 any document or for any other purpose.
6     21. This order shall be binding upon any present ~~and future~~ party to the *United*
7 *States v. Jasmine Becker* (18-cv-2049) litigation, and, in the absence of objection filed in court, any future party.
8     22. This order shall be effective and enforceable upon its signature by the
9 Court.

10
11 Dated: 2/19/2019

                              *Alicia G. Rosenberg*
12                            ~~GEORGE H. WU~~ ALICIA G. ROSENBERG
13                            U.S. ~~DISTRICT~~ JUDGE MAGISTRATE

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *United States v. Jasmine Becker* (18-cv-2049), and I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishments in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [type or print full name] of_____ [type or print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed:

_____

Printed Name: _____

Signature: _____